IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 5:19-cr-25 |
| | § | |
| PHILIP LAMB ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Philip Lamb, Vincent Marchetti, Jr., William Flowers, James J. Walker, Jr., Timothy Armstrong, Virginia Blake Herrin, Chismere Mallard, and Ray W. Ng.'s Motion to Continue Trial Date and to Schedule Status Conference. Docket Entry #202. The Court, having considered the relevant briefing and applicable authority and hearing arguments of counsel August 6, 2020, is of the opinion the motion should be **GRANTED, as modified herein**.

**I. BACKGROUND**

Steven Donofrio, along with eleven other Defendants, were charged by indictment on December 11, 2019, with one count of conspiracy to commit illegal remunerations in violation of 18 U.S.C. § 371. Docket Entry #1. On February 4, 2020, Defendant James L. Walker, Jr. filed an Unopposed Motion to Have Case Declared Complex and to Continue Trial Date and Pretrial Deadlines, requesting the Court declare this case complex and continue all pretrial deadlines and the trial date to a date on or after March 22, 2021. Docket Entry #164.

On February 11, 2020, the Court granted Walker's motion, designating the case as complex under 18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii), thereby suspending Speedy Trial Act

deadlines. Docket Entry #167 at p. 1. The Court noted counsel for all co-defendants and counsel for the Government did not oppose Walker's motion. However, rather than continue the trial until March 2021, Judge Schroeder continued the pretrial conference to September 1, 2020 and the jury selection and trial to September 28, 2020. *Id*. at p. 2.

## II. MOVANT DEFENDANTS' MOTION

On July 10, 2020, Defendants Philip Lamb, Vincent Marchetti, Jr., William Flowers, James J. Walker, Jr., Timothy Armstrong, Virginia Blake Herrin, Chismere Mallard, and Ray W. Ng (collectively "Movant Defendants") filed their current Motion to Continue Trial Date and to Schedule Status Conference. Docket Entry # 202. The Court scheduled a video conference August 6, 2020 and heard argument on the motion. In their motion, Movant Defendants request that the current September 28, 2020 trial setting be moved to a date on or after August 1, 2021, so that they may adequately prepare for trial and to avoid the danger posed by the COVID-19 pandemic to all trial participants, court staff, and the general public. *Id*. at p. 2. In addition to the pandemic currently representing a significant health risk to all of the participants at the upcoming trial, Movant Defendants assert as follows:

> Counsel for the undersigned Defendants reside all over the country. While many of the attorneys reside in Dallas and Houston, others are based in Nashville, Chicago, and Mississippi. Travel restrictions and guidelines announced at the local, state, and federal level have prevented some Defendants from meeting with their counsel in person and assisting in the preparation of their defenses. These same restrictions have also hampered the ability of the Defendants to conduct meaningful witness interviews with individuals around the country. The ebb and flow of the health situation caused by the pandemic, as well as the amount of information available to decisionmakers, has led to similarly erratic restrictions and guidance on travel and gatherings around the country that have rendered it extraordinarily difficult to plan travel when necessary to investigate and conduct interviews. Due to the ongoing nature of the pandemic, there is little clarity regarding when local and federal restrictions may be lifted and guidelines will be

>updated so that Defendants may properly prepare their respective defenses in this complex case. This includes pretrial investigations related to the remaining undisclosed Government witnesses whose locations are still unknown to the Defendants.

*Id.* at pp. 3-4.

According to Movant Defendants' motion, Defendants Steven Donofrio and Ashley Kretzschmar oppose the motion.[1] Defendant Kretzschmar did not file a response. Defendant Donofrio filed a response, asserting he is entitled to a speedy trial under §§ 3161 and 3162 of the Speedy Trial Act and the Sixth Amendment of the United States Constitution. Docket Entry # 204. According to Donofrio, granting the requested continuance would set his trial almost 600 days after his indictment, "eviscerat[ing] Mr. Donofrio's constitutional and statutory rights to a speedy trial." *Id.* at p. 2. Donofrio argues his right to a speedy trial may not be disregarded merely because co-defendants have requested a continuance. *Id*. at p. 6. Donofrio asserts neither the COVID-19 pandemic nor the alleged complexity of this matter overrides his right to a speedy trial. *Id.* at pp. 7-10.

Movant Defendants filed a reply to Donofrio's response, asserting they have diligently prepared their defenses but need more time.[2] Docket Entry #205 at p. 1. Among other things, Movant Defendants assert as follows:

---

[1] Defendant Nicolas Arroyo has already entered a guilty plea to the charges in this case (Docket Entry #102). Defendant Patrick Ridgeway has not appeared on the indictment, but he does not oppose the motion (Docket Entry #202). Defendant Ridgeway is scheduled to appear for arraignment on August 13, 2020, but has moved to extend the arraignment due to the COVID-19 crisis. *See* Docket Entry # 210.

[2] According to Movant Defendants, since Walker filed his motion asking the Court to declare this case complex and continue the trial to March 2021, the Government has produced thousands of additional documents and "Defendants have gained a better appreciation of the immense volume of information that will be necessary for them to digest." Docket Entry # 205 at pp. 1-2. Movant Defendants state their reviews of these materials are ongoing but far from complete. *Id.* at p. 2. Movant Defendants further anticipate the Government will produce additional documents and identify additional witnesses in the future. *Id*.

3

> If ever there was a case that justifies a continuance under the Speedy Trial Act, this is it. The Court has already declared this case complex. Of the twelve defendants, one (Arroyo) has pleaded guilty, one (Ridgeway) has not been arraigned but he is unopposed to a continuance, eight (Defendants) are requesting expressly more time to prepare for trial, and only two (Donofrio and Kretzschmar) are opposed to the continuance. The government has produced a mountain of discovery (including thousands of documents produced since the Court granted the original continuance) and is unopposed to the continuance. Additionally, Texas (and the entire world) are locked in a desperate fight against a pandemic that has created disruptions in nearly every aspect of daily life for people in this country, including the lives of Defendants and their counsel. Under the circumstances, the ends of justice will be served by the Court granting a continuance.

*Id*. at p. 4 (footnotes omitted). Movant Defendants point out Donofrio did not oppose Walker's prior request for a continuance, which was for a trial date on or after March 22, 2021. *Id*. at pp. 4-5. "Under the circumstances of this case, Defendants do not understand how Mr. Donofrio will be prejudiced materially by the Court granting the requested continuance." *Id.* at p. 5.

The Government does not oppose Movant Defendants' motion. At the request of the Court, the Government filed a reply to Donofrio's response. Docket Entry # 206. The Government asserts the world has "changed in dramatic ways since February" when Walker filed his motion, pointing out there were no COVID-19 cases in the entire State of Texas at that time. *Id.* at p. 2. The Government asserts Judge Schroeder's previous ruling suspended Speedy Trial Act deadlines.[3] *Id.* at p. 3. Noting Donofrio was unopposed to Walker's prior motion, the Government states the Court should continue the trial in this case to no earlier than March 22, 2021, the earliest date on which all the defendants had previously agreed. *Id.* at pp. 3-4.

---

[3] According to Movant Defendants' reply, given that Ridgeway's initial appearance is not scheduled to occur until August 13, 2020 or later, arguably, Donofrio's clock under the Speedy Trial Act has not even begun to run. Docket Entry # 205 at p. 4, n. 2 (citing 18 U.S.C. § 3161(h)(6); also citing *United States v. Williams*, 314 Fed. Appx. 656, 659 (5th Cir. 2009) (citing prior version of the statute)).

In his surreply, Donofrio states he has not and could not have waived his right to a speedy trial by not opposing Walker's prior motion for continuance. Docket Entry # 207 at p. 2. Donofrio makes it clear he now opposes the March 22, 2021 date, noting that would be 477 days after the indictment was returned and would violate his speedy trial right under the Sixth Amendment and Speedy Trial Act. *Id*. at p. 3.

### III. SPEEDY-TRIAL RIGHTS

**A.    Statutory claim**

"The Speedy Trial Act, which is designed to protect a criminal defendant's constitutional right to a speedy trial," requires that "a defendant's trial commence within seventy days from his indictment or initial appearance, whichever is later." *Gonzalez v. United States*, No. 5:15-CR-1112-1, 2020 WL 1891877, at *1 (S.D. Tex. Apr. 15, 2020) (quoting *United States v. Harris*, 566 F.3d 422, 428 (5th Cir. 2009) (citing 18 U.S.C. § 3161 (c)(1))). However, "the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. (quoting *United States v. McMillon*, 657 Fed. Appx. 326, 333 (5th Cir. 2016) (citing *Zedner v. United States*, 547 U.S. 489, 497 (2006) (cleaned up))). Specifically, the Act authorizes eight types of delay that will toll the speedy-trial clock, some of which the Court notes below. *United States v. Rojas*, 812 F.3d 382, 409 (5th Cir. 2016) (citing 18 U.S.C. § 3161(h)).

First, the Act "excludes delay resulting from the filing of a pretrial motion through the conclusion of the hearing on, or other prompt disposition, of the motion."[4] *Gonzalez*, 2020 WL

---

[4] If the pretrial motion does not require a hearing, "the Speedy Trial clock is tolled from the date of [the motion's] filing until either (a) the motion is ruled on, or (b) thirty days have elapsed since the motion was taken under advisement, whichever is sooner." *Gonzalez*, 2020 WL 1891877, at *1 (quoting *United States v. Madrid*, No. EP-11-CR-3020-FM,

1891877, at *1 (quoting *United States v. Stephens*, 489 F.3d 647, 656 (5th Cir. 2007) (citing 18 U.S.C. § 3161(h)(1)(D))). Second, the Act excludes any "period of delay resulting from a continuance granted by any judge," if the judge "granted such continuance on the basis of her findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. (quoting *McMillon*, 657 Fed. Appx. at 334 (citing 18 U.S.C. § 3161 (h)(7)(A))).

Third, § 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant." *United States v. Buitrago*, No. 4:09-CR-194, 2012 WL 4815685, at *2 (E.D. Tex. Sept. 27, 2012), *report and recommendation adopted*, No. 4:09-CR-194, 2012 WL 4813814 (E.D. Tex. Oct. 10, 2012) (quoting 18 U.S.C. § 3161(h)(6)). Therefore, all "defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant and that the excludable delay of one co-defendant may be attributed to all defendants." *Id.* (quoting *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir.1994); also citing *United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir.2009)). Fourth, where a superceding indictment has been issued that adds a new defendant, the Speedy Trial Act clock does not begin to run until the last co-defendant on the superceding indictment has been arraigned. *Id*. (citing *Harris*, 566 F.3d at 428–29). Fifth, a district court's certification that the criminal case is "complex" tolls the Speedy Trial clock indefinitely. *Gonzalez*, 2020 WL 1891877, at *1 (quoting *United States v. Williams*, 314 Fed. Appx. 656, 659 (5th Cir. 2009); also citing *Buitrago*, 2012 WL 4815685 at *2).

---

2012 WL 5517057, at *1 (W.D. Tex. Nov. 13, 2012) (cleaned up)).

B.     **Constitutional claim**

In addition to raising a statutory claim, Donofrio contends the requested delay would violate his rights under the speedy trial clause of the Sixth Amendment to the United States Constitution. The Sixth Amendment affords defendants "the right to a speedy . . . trial." *United States v. Lugo Morales*, No. 4:17-CR-203-ALM-KPJ, 2019 WL 2417648, at *3 (E.D. Tex. May 23, 2019), *report and recommendation adopted*, No. 4:17-CR-203, 2019 WL 2411727 (E.D. Tex. June 7, 2019) (quoting U.S. CONST. amend. VI). In determining whether a defendant's Sixth Amendment right to a speedy trial was violated, courts evaluate the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): "(1) length of the delay, (2) the reason for it, (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." *United States v. Scully*, 951 F.3d 656, 669 (5th Cir. Mar. 4, 2020) (quoting *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (alteration omitted) (quoting *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006))). The first factor "is a 'triggering mechanism' for determining whether the court is required to balance the remaining three *Barker* factors." *Id.* (quoting *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003)).

"[W]hen evaluating delay-length, courts must consider the complexity of, and facts for, each case." *Id*. at 669 (quoting *United States v. Frye*, 372 F.3d 729, 737 (5th Cir. 2004)). Some delay is tolerable in a complex fraud and conspiracy case that required foreign depositions and wherein one of the defendants died before trial. *Id*. (citing *Barker*, 407 U.S. at 531, 92 S.Ct. 2182 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.")). "[D]ifferent weights should be assigned to different

reasons." *Id.* While "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," "[a] more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id*.

## IV. DISCUSSION

As noted above, a court analyzing a Sixth Amendment speedy-trial claim must balance the following factors: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant timely asserted his right; and (4) any prejudice resulting to the defendant because of the delay. *Barker v. Wingo*, 407 U.S. 514 (1972). The length of the delay is a triggering mechanism in that, if the delay reaches a threshold level, it is regarded as presumptively prejudicial, requiring the court to balance the remaining three factors. *Randoff v. United States*, No. 9:13CV289, 2017 WL 3599539, at *2 (E.D. Tex. Aug. 21, 2017) (citing *Robinson v. Whitley*, 2 F.3d 562 (5th Cir. 1993)). A delay of one year or more generally requires the court to balance the remaining three factors. If a delay of more than a year occurred, the length of the delay, the reason for the delay and the defendant's diligence in asserting his right is weighed against the prejudice to the defendant. Depending on how heavily the first three factors weigh for or against the defendant, prejudice is presumed in some cases, relieving the defendant of the burden of showing actual prejudice. *Id.* (citing *United States v. Bergfeld*, 280 F.3d 486 (5th Cir. 2002)).

In considering the factors laid out in *Barker*, the Court notes Defendants' trial date has been continued from early 2020 to September 28, 2020. The reason for the delay includes the

request for continuance by co-defendant Walker, in a matter the Court has deemed complex. The Court notes Donofrio did not oppose Walker's continuance motion. The length of the requested delay is not long enough to presume prejudice based on this factor alone. *United States v. Won*, No. 3:16 CR 516, 2018 WL 6840095, at *5 (N.D. Tex. Dec. 28, 2018) (citing *Parker*, 505 F.3d at 328–29 ("We have held that delays of less than five years are not enough, by duration alone, to presume prejudice.")). Although Donofrio asserts any further delay will prejudice him, he does not persuade the Court that actual prejudice will result from a continuance to late March 2021, which Donofrio previously agreed to when that date was requested by Walker. Having considered the *Baker* factors, the Court finds Donofrio has not established a continuance would violate his constitutional right to a speedy trial.

The Speedy Trial Act is distinct from Donofrio's constitutional speedy-trial rights. The Speedy Trial Act requires commencement of trial within seventy non-excludable days of the information or indictment, or when the defendant first appears before the court, whichever is later. *United States v. Lugo Morales*, No. 4:17-CR-203-ALM-KPJ, 2019 WL 2417648, at *3 (E.D. Tex. May 23, 2019), *report and recommendation adopted*, No. 4:17-CR-203, 2019 WL 2411727 (E.D. Tex. June 7, 2019) (citing 18 U.S.C. § 3161(c)(1); also citing *United States v. Parker*, 505 F.3d 323, 326–27 (5th Cir. 2007)). As noted above, a few actions toll the seventy-day clock. For example, under § 3161(h)(6), "the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." *United States v. Rojas*, 812 F.3d 382, 409 (5th Cir. 2016) (quoting *United States v. Harris*, 566 F.3d 422, 428 (5th Cir.2009)). In this case, the last co-defendant (Patrick Ridgeway)

9

has not yet made an initial appearance and is not set for arraignment until August 13. Thus, Donofrio's speedy-trial clock has not started running. *Rojas*, 812 F.3d at 409.

Additionally, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Won*, No. 3:16 CR 516, 2018 WL 6840095, at *2 (N.D. Tex. Dec. 28, 2018) (quoting 18 U.S.C. § 3161(h)(7)(A)). As noted above, on February 11, 2020, the Court designated this entire case as complex under 18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii), thereby suspending Speedy Trial Act deadlines. Docket Entry #167 at p. 1. At that time, the Court found a continuance until September 2020 necessary to serve the ends of justice. *Id.* at pp. 1-2.

Since the Court's February 11 Order, the COVID-19 pandemic has emerged, further complicating the logistics of this complex case. Under these circumstances, the Court finds the ends of justice will be served by granting a continuance until Judge Schroeder's March 2021 criminal docket, the date originally requested by Walker and agreed to by Donofrio. Accordingly, it is

**RECOMMENDED** that Defendants Philip Lamb, Vincent Marchetti, Jr., William Flowers, James J. Walker, Jr., Timothy Armstrong, Virginia Blake Herrin, Chismere Mallard, and Ray W. Ng.'s Motion to Continue Trial Date (Docket Entry #202-1) be **GRANTED**, as modified herein. It is further

**RECOMMENDED** that the Court continue the pretrial deadlines and the September 28, 2020 jury selection trial date and enter new dates and deadlines in accordance with the Court's March 2021 criminal docket.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of August, 2020.**

/s/ Caroline M. Craven
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE